UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Shireen Walsh,

Plaintiff,

vs.

National Computer Systems, Inc.,

Defendant.

Civil No. 00-82 JMR/FLN

**REPORT AND RECOMMENDATION**

---

James Kaster, Esq., for Plaintiff.
Melissa Brettigen, Esq., for Defendant.

---

**THIS MATTER** came for a hearing before the undersigned United States Magistrate Judge on April 4, 2002, on (1) Plaintiff's Motion to Amend the Complaint [#102]; and (2) Plaintiff's Motion for Fees, Costs, Treble Damages, Liquidated Damages & Prejudgment Interest[#103]. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons which follow, this Court will recommend that the motions be granted in part and denied in part.

## I. FACTUAL BACKGROUND

On January 30, 2002, a jury returned a verdict in favor of the Plaintiff, Shireen Walsh ("Ms. Walsh"), in her employment discrimination case. Plaintiff prevailed on her claims under Title VII of the Civil Rights Act ("Title VII"), the Minnesota Human Rights Act ("MHRA"), the Family Medical Leave Act ("FMLA"), and the Minnesota Parenting Leave Act ("MPLA"). Judgment was entered on behalf of Ms. Walsh against Defendant National Computer Systems, Inc.("NCS"), in the amount of $438,145.40 ($11,000 in lost wages, $45,000 in emotional distress/mental anguish and

JUL 1
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

$382,145.40 in punitive damages under Title VII and the MHRA). By her current motions, Plaintiff seeks to add punitive damages under the MPLA, and to adjust the judgment to include: treble damages under the MHRA, liquidated damages under FMLA, attorney fees and costs under Title VII, and prejudgment interest under Minn. Stat. § 549.09.

## II. CONCLUSIONS OF LAW

### A. Plaintiff's Motion to Amend the Complaint Should be Denied.

#### 1. Standard of Review

Under Minnesota Law, a plaintiff who wishes to assert a punitive damage claim must first obtain leave of the court based upon a prima facie showing of defendant's deliberate disregard for the rights or safety of the plaintiff. Minn. Stat. § 549.20 (1988); Ulrich v. City of Crosby, 848 F. Supp. 861, 867 (D. Minn. 1994). "[I]f the court finds prima facie evidence in support of the motion, the court shall grant the moving party permission to amend the pleadings to claim punitive damages." Minn. Stat. § 549.191. A claim for punitive damages may not be asserted in a pleading absent a court order finding prima facie evidence to support the claim. Id. "Prima facie evidence is that evidence which, if unrebutted, would support a judgment in that party's favor." Swanlund v. Shimano Indus. Corp. Ltd., 459 N.W.2d 151, 154 (Minn. App. 1990), rev. denied (October 5, 1990).

#### 2. Punitive Damages Under MPLA Should Be Denied

The MPLA mandates that an employer "must" grant an unpaid leave of absence to a parent "in conjunction with the birth or adoption of a child." Minn. Stat. § 181.941 (1). The Act requires that an employee be allowed to return to a former position or "a position of comparable duties, number of hours, and pay." Minn. Stat. § 181.942 (1)(a).

Plaintiff contends that she is entitled to a post-trial amendment of the Complaint to add

punitive damages because the new damages are substantially identical to a damage theory which was actually tried. Specifically, Plaintiff likens her successful Title VII award of punitive damages where the "reckless indifference" standard was met, to the theory of "deliberate disregard" required under the MPLA, because she contends they are substantively the same. Each requires a defendant to act with knowledge that its conduct may be violating a person's protected rights. The Court is not convinced by this argument.

Punitive damages under MPLA may be recovered only upon clear and convincing evidence that the acts of the Defendant show deliberate disregard for the rights or safety of others. Minn.Stat. § 549.20, subd. 1(a). The statute provides a detailed definition of "deliberate disregard":

> (b) A defendant has acted with deliberate disregard for the rights or safety of others if the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the rights or safety of others; and
> (1) deliberately proceeds to act in conscious or intentional disregard of the high degree of probability of injury to the rights or safety of others; or
> (2) deliberately proceeds to act with indifference to the high probability of injury to the rights or safety of others.

Id. § 549.20, subd. 1(b). Under this standard, the Court would decide whether the evidence is sufficient to permit a jury to conclude that Defendant acted with deliberate disregard to the rights or safety of others.

There are two reasons this Court cannot grant Plaintiff belated request to amend the complaint: (1) the jury was never instructed, or asked to make findings about whether the Defendant's conduct demonstrated deliberate disregard for Plaintiff's rights under the MPLA; (2) the Court is unwilling to conclude as a matter of law that the reckless indifference standard under Title VII is substantively identical to the deliberate disregard standard necessary under the MPLA.

The Supreme Court explained in Kolstad v. American Dental Association, 527 U.S. 526 (1999), that punitive damages may be recovered under Title VII for employment discrimination if "the employer has engaged in intentional discrimination and has done so with malice or with reckless indifference to the federally protected rights of an aggrieved individual." Kolstad, 527 U.S. at 530 (1999). To recover punitive damages under the MPLA, the jury should be instructed that such damages are available only if the jury finds clear and convincing evidence of a deliberate disregard of the Plaintiff's rights under the state statute. The jury here was not so instructed.

Consequently, this Court rejects the Plaintiff's contention that the evidence supports a finding for punitive damages under the MPLA. The Court recommends that the motion to amend be denied.

**B. Plaintiff Should Be Awarded Double Her Compensatory Damages Under MHRA**

Plaintiff requests the Court to treble the jury award of compensatory damages under the MHRA. MHRA § 363.071 provides the Court with the discretion to award up to three times the actual damages sustained by the Plaintiff. The statute provides that when a Defendant is found to have engaged in a discriminatory practice, the Court "shall order the respondent to pay an aggrieved party, who has suffered discrimination, compensatory damages in an amount up to three times the actual damages sustained." Minn. Stat. § 363.071 subd. 2. The statutory language itself does not define compensatory or actual damages. Phelps v. Commonwealth Land Title Ins. Co., 537 N.W.2d 271 (Minn. 1995). Nor has the Minnesota Supreme Court provided much guidance regarding this trebling statute. In Phelps, the Court expressly rejected a lower court ruling that a multiple of actual damages should only be awarded if there was a factual finding that Plaintiff had not been fully compensated by an award of actual damages. In the Court's discretion any good reason, including

to encourage private enforcement of the MHRA, may justify the damage award multiplier. See Mathieu v. Gopher News Company, 273 F. 3d 769, 780 (8th Cir. 2001). A factor that may be considered in awarding treble damages is whether Plaintiff has been fully compensated and restored to the same position as if there had never been any discrimination. See Ryther v. KARE 11, 864 F.Supp. 1525, 1529 (D.Minn. 1994).

In determining whether to award treble damages, it is appropriate to consider whether the multiple is necessary to fully compensate the victim. Todd v. Ortho Biotech, Inc., 949 F.Supp. 724 (D. Minn. 1996), reversed 138 F.3d 733, vacated 119 S.Ct. 33, 142 L.Ed.2d 25, on remand 175 F.3d 595; Baufield v. Safelite Glass Corp., 831 F.Supp. 713 (D. Minn. 1993)(Plaintiff who prevailed on whistleblower and MHRA claims and was awarded $201,000 plus prejudgment interest was not entitled to treble damages because compensation was already adequate). The holding in Phelps that no findings are necessary to support the trial court's decision to multiply damages under the MHRA is not inconsistent with these cases. Phelps, 537 N.W.2d at 271.

The Phelps Court did note that one purpose of the MHRA trebling statute is to encourage private enforcement of the MHRA. It would appear that the actual damages awarded here, including lost wages, and emotional distress and anguish, will compensate Plaintiff for her losses. The Court concludes, however, that the enticement purpose of the MHRA trebling provision would be served in this case by multiplying the award of actual damages by a multiple of 2. A lesser amount would be insufficient to fulfill this particular purpose of the trebling statute, while a greater award would amount to a financial windfall for Plaintiff. The elements of the jury award that are eligible for doubling are: $11,000 in lost wages, and $45,000 in emotional distress/mental anguish, for a total of $56,000. The Court recommends after doubling, the Plaintiff be awarded $112,000 under MHRA.

## C. Liquidated Damages Under the Family Medical Leave Act

Plaintiff contends that because she prevailed at trial on the FLMA claims, she is entitled to liquidated damages. These damages, according to Plaintiff, are automatic, unless the employer can show the violation was in good faith, which Defendant here cannot. Defendant contends it did not intentionally retaliate against Plaintiff and that it made an active effort to comply with the law, and were not aware of potential violations.

In this case, the liquidated damage award under the FMLA and the doubled MHRA award address two separate and distinct harms. Reviewing the case law and legislative history, this Court concludes that the liquidated damages provision of the FMLA operates in a manner most analogous to the liquidated damages provision of the FLSA, and therefore, should not be considered a penalty. The liquidated damages provided for in the FLSA are deemed compensatory and not a penalty. See Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 707 (1945) ("the liquidated damage provision is not penal in its nature but constitutes compensation for the retention of a workman's pay which might result in damages too obscure and difficult in proof for estimate other than by liquidated damages."); See also Waters v. Baldwin County, 936 F.Supp. 860, 863 (S.D.Ala.1996)(the FLSA serves as a reference for many of the legal standards and principals used in the FMLA, including the enforcement scheme.); S.Rep. No. 103, at 35 (1993), reprinted in 1993 U.S.C.C.A.N. 3, 37 ("S.5's [the Senate version of the FMLA] enforcement scheme is modeled on the enforcement scheme of the FLSA . . .").

The Court, in light of the separate statutory schemes and purposes, finds that the award of liquidated damages under FMLA does not constitute double recovery when awarded in a case where a plaintiff has also recovered under Title VII and MHRA.

Pursuant to 29 U.S.C. 2617(a)(1)(A)(ii) any employer who violates section 2615 of this title shall be liable to any eligible employee affected:

> A) for damages equal to--
> (i) the amount of--
> (I) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or
> (II) in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks of wages or salary for the employee;
> (ii) the interest on the amount described in clause (i) calculated at the prevailing rate

29 U.S.C. 2617(a)(1)(A)(ii)

Plaintiff is entitled to $11,000 in liquidated damages under FMLA plus interest.[1] The total amount of interest on the award is $1,320.90. This Court recommends the award to the Plaintiff on her FMLA claim be increased by $12,320.90 to reflect the liquidated damages and interest authorized by the statute.

---

[1]The Court computes this figure as follows:

| | | | | |
|---|---|---|---|---|
| Oct 15, 1999 to Dec 31, 1999 (77 days) | $11,000. X 4% = $440.00 | $440. Divided by 365 = $1.20 per day | $1.20 X 77 days = $92.82 | **$92.82** |
| January 1, 2000 to Dec 31, 2000 | $11,000 X 5% = $550.00 | | | **$550.00** |
| Jan 1, 2001 to Dec 31, 2001 | $11,000 X 6%= $660.00 | | | **$660.00** |
| Jan. 1, 2002 to Jan 30, 2002 (30 days) | $11,000 X 2%= $220.00 | $220. Divided by 365 = $.60 per day | .60 X 30 days = $18.08 | **$18.08** |

**D. Calculation of Attorneys Fees, Costs and Prejudgment Interest**

**1. Attorney Fees**

Defendant argues that the amounts requested by Plaintiff's attorney are not reasonable under the circumstances. Specifically, Defendant argues the attorney's fee should be limited because Plaintiff's success was limited. Plaintiff filed a twelve-count Complaint and was successful on six of the twelve counts. Plaintiff has provided the Court with invoices reflecting the total number of hours expended on the case by each attorney, law clerk and paralegal.

Plaintiff carries the burden of establishing entitlement to an award and documenting the appropriate hours expended and the hourly rates. See Ryther, 864 F. Supp. at 1532. There is no precise formula for determining a reasonable fee. The amount of reasonable attorney's fee must be determined on the facts of each case. See Hensley v. Eckerhart, 461 U.S. 424, 429 (1983); Ramos v. Lamm, 713 F.2d 546, 554 (10th Cir.1983) ("[W]hat is reasonable in a particular case can depend upon factors such as the complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the maneuvering of the other side."). See Malloy v. Monahan, 73 F.3d 1012, 1018 (10th Cir.1996). The Court has wide discretion in determining the amount of the attorney's fee. The United States Supreme Court has also cautioned that "[a] request for attorney's fees should not result in a second major litigation." Hensley, 461 U.S. at 437; See Thurk v. Anchor Glass Container Corp., Civ. No. 00-780 (D. Minn., Aug. 13, 2001); see also Jarret v. ERC Prps., Inc., 211 F.3d 1078, 1084-85 (8th Cir. 2000). The fees awarded may also include reasonable compensation for the work of paralegals and law clerks. See Missouri v. Jenkins, 491 U.S. 274 (1989).

As noted by Judge Doty in Ryther, supra

> The court starts with the lodestar which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Fees generally may not be awarded for work on unsuccessful claims as such services cannot be deemed to have been expended in pursuit of the ultimate result achieved. The results obtained and the degree of success are critical to the determination of a reasonable fee. Thus, an award of attorneys' fees is generally measured by the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

864 F. Supp. at 1532 (citations omitted).

Based upon the Affidavit and the submission of Fees Summary by Plaintiff's attorneys, this Court recommends that Plaintiff's attorney be awarded a total fee of $184,456.00.

Defendant challenges $22,676.17 as duplicative work performed by two or more attorneys. The Court rejects this challenge and concludes that the work of each legal professional set forth in Plaintiff's fee summary should be compensated. Defendant also requests a reduction of $29,403 which it attributes to errors made by Plaintiff's counsel. The Court concludes that none of the "errors" alleged by Defendant merits any reduction in the Plaintiff's fee request. The case was vigorously litigated on both sides. As Plaintiff was the prevailing party, her attorneys should be compensated for the work necessitated by the litigation. Defendant also challenges $1102.50 and $2383.65 which it claims represent respectively, administrative work done by attorneys, and work done on unsuccessful claims. The Court rejects Defendant's challenge.

Finally, Defendant contends that the billing rate of Plaintiff's lead counsel is unreasonably high. The Court agrees that $350 per hour is high. But in the context of this litigation, it is not unreasonably high, and the Court declines to make a downward adjustment in the rate.

**2. Taxation of Cost**

Pursuant to Federal Rule of Civil Procedure 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." 28 U.S.C. §1920 governs the taxation of costs in Federal Court and provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Similarly Minnesota Statute § 549.04 provides that a prevailing party shall be allowed to recover reasonable disbursements paid or incurred. The trial court should only award those costs and disbursements which are "reasonable and necessary." Stinson v. Clark Equip. Co., 473 N.W.2d 333, 338 (Minn. Ct. App. 1991). Costs are awarded to the prevailing party "unless and until the losing party affirmatively shows that the prevailing party is not entitled" to those costs. Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co., 854 F.2d 219, 222 (7th Cir.1988).

Plaintiff contends she is entitled to recover $10,782.92 in costs associated with the defense of this case. Defendant contests $758.50 of the claimed costs.

a. Meal Reimbursements

Attorney meal expenses are normally reimbursed by the client and not assessed as taxed costs to the non-prevailing party. See High Plains Genetics Research, Inc. v. J K Mill-Iron Ranch, 535 N.W.2d 839, 846 (S.D.1995). Therefore, this Court recommends that $48 in meal costs be excluded.

b. Computer-Based Research

It is well established in the Eighth Circuit that computerized legal research and otherwise–"is a component of attorneys' fees and cannot be independently taxed as an item of cost." Leftwich v. Harris- Stowe State College, 702 F.2d 686, 695 (8th Cir.1983); Benson v. Northwest Airlines, Inc., 1997 WL 122897 at * 5 (D.Minn.1997). Therefore, this Court will recommend that $510.56 of cost attributed to computer-based research be excluded.

c. Costs Created by Correcting Errors

"Time spent correcting a mistake should not be taxed against the adverse party, which had nothing to do with the error." Avalon Cinema Corp. v. Thompson, 689 F.2d 137, 139(8th Cir. 1982). Defendant opposes costs relating to multiple legal process services following the mistaken filing of the Summons and Complaint in state court. This Court recommends that $199.00 be excluded from the reasonable taxable costs.

The total amount excluded from the requested costs is $758.50, which makes the total amount of costs related to the litigation of this case $10,024.42.

**3. Prejudgment Interest**

Plaintiff moves for prejudgment interest under Minn. Stat. § 549.09 Subd. 1. which states:

> WHEN OWED; RATE. (a) When a judgment or award is for the recovery of

> money, including a judgment for the recovery of taxes, interest from the time of the verdict, award, or report until judgment is finally entered shall be computed by the court administrator or arbitrator as provided in clause (c) and added to the judgment or award.

2002 Minn. Sess. Law Serv. Ch. 247 (H.F. 3584).

"The purpose of prejudgment interest is to compensate the Plaintiff, and not to punish the Defendant." Odom v. Frank, 782 F. Supp. 50-51-52 (N.D. Tex. 1991)(awarding plaintiff prejudgment interest). Accordingly, as to prejudgment interest, Defendants are to pay interest on the damages amount, $56,000 (prior to doubling), dating back to the filing the Complaint. In accordance with Minnesota Statute § 549.09, Plaintiff is entitled to a statutory rate of interest of 4% in 1999, 5% in 2000, 6% in 2001, and 2% in 2002. The Complaint was filed on October 15, 1999. The Order adopting the jury verdict as judgment of the Court was signed on January 30, 2002.[2] Accordingly, the Court recommends a prejudgment interest award to Plaintiff in the amount of $6,724.60.

## III. RECOMMENDATION

Based upon the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that: (1) Plaintiff's Motion to Amend the Complaint [#102]; (2) Plaintiff's Motion for Fees, Costs, Treble Damages, Liquidated Damages & Prejudgment Interest[#103] be **GRANTED in part and**

---

[2]The Court computes this figure as follows:

| | | | | |
|---|---|---|---|---|
| Oct 15, 1999 to Dec 31, 1999 (77 days) | $56,000. X 4% = $2,240.00 | $2,240. Divided by 365 = $6.14 per day | $6.14 X 77 days = $472.55 | **$472.55** |
| January 1, 2000 to Dec 31, 2000 | $56,000 X 5% = $2800.00 | | | **$2800.00** |
| Jan 1, 2001 to Dec 31, 2001 | $56,000 X 6%= $3,360.00 | | | **$3360.00** |
| Jan. 1, 2002 to Jan 30, 2002 (30 days) | $56,000 X 2%= $1,120.00 | $1120. Divided by 365 = 3.07 per day | $3.07 X 30 days = $92.05 | **$92.05** |

**DENIED in part** as follows:

(1) Insofar as the Motion seeks to Amend the Complaint to Add Punitive Damages under the MPLA, it should be **DENIED**;

(2) Insofar as the Motion seeks to multiply Ms. Walsh's award under the Minnesota Human Rights Act, it should be **GRANTED in part,** such that the compensatory damages be doubled, increasing the judgment by an additional $56,000;

(3) Insofar as the Motion seeks Liquidated Damages under the Family Medical Leave Act, it should be **GRANTED,** increasing the judgment by an additional $12,320.90;

(4) Insofar as the Motion seeks Attorney Fees, it should be **GRANTED** in the amount of $184,456.00;

(5) Insofar as the Motion seeks Costs and Fees, it should be **GRANTED** in the amount of $10,024.42;

(6) Insofar as the Motion seeks Prejudgment Interest, it should be **GRANTED** in the amount of $6,724.60

DATED: July 19, 2002

Franklin L. Noel
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of service of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service of the objections. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.